HAMITER, J., concurs in part and dissents in part for the written reasons previously assigned by SANDERS, J.

HAMLIN, J., dissents, being of the opinion that, under the exceptional facts and circumstances in this case, the judgment of the Court of Appeal is correct.

5. R.S. 18:355 provides in part:
" * * * *
"In all other primary elections the returns shall be tabulated and compiled by the respective committees ordering the primaries and the results thereof certified to the Secretary of State. The chairman of the committee, immediately upon receiving the returns, shall open them and cause them to be tabulated and compiled, and within six days after the primary, the committee ordering it shall convene and the chairman thereof shall submit to it the tabulated statement showing the

161 So.2d 81

**STATE of Louisiana**

v.

**Reven ST. ROMAINE.**

**No. 47174.**

March 10, 1964.

In re: Reven St. Romaine applying for writs of certiorari, mandamus and prohibition.

Writ granted with stay order (see order attached).

ORDER.

The petition of relator in the above entitled and numbered cause having been duly considered,

It is ordered, that the Honorable Frank Shea, Judge of the Criminal District Court, Parish of Orleans, Division "G", set aside and vacate the order or ruling denying the Motion to Recuse entered on March 9, 1964, in the proceedings entitled State of Louisiana v. Reven St. Romaine, No. 182–330, on the docket of Section "G" of the

Criminal District Court, Parish of Orleans, State of Louisiana.

It is further ordered, that the Honorable Frank Shea refer said application for his recusation to another judge of the Criminal District Court, Parish of Orleans, to try and determine whether or not he shall be recused, all within ten (10) days of the date hereof.

It is further ordered, that, in the event the respondent judge fails to comply with the aforesaid orders on or before March 20, 1964, a writ of certiorari issue herein directing said judge to transmit to the Supreme Court of Louisiana the record or a certified copy of the record in the proceeding complained of by relator herein, and that said judge show cause in this Court on March 30, 1964, at 11:00 o'clock, a. m., why the motion for his recusation should not be referred to another judge of the Criminal District Court for the Parish of Orleans, for a hearing to determine whether respondent judge should be recused.

It is further ordered, that, in the meantime and until the further orders of this court, all proceedings against relator in said Criminal District Court, Parish of Orleans, shall be stayed and suspended.

Granted at New Orleans, Louisiana, March 10, 1964.

FRANK W. SUMMERS
Associate Justice.